IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Anthony Scott Williams, | ) C/A No.  0:12-2385-TMC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Warden John Owen, *Retired*; Captain Eric Rayburn: Acting Warden Johnson; Lieutenant Patterson, *SIS Department*, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Anthony Scott Williams ("Plaintiff"), a federal prisoner in Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina, filed his Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on August 22, 2012.  Plaintiff, proceeding *pro se*, alleges numerous violations of his constitutional rights by former and current staff members of FCI Williamsburg.  Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this case was assigned to United States Magistrate Judge Paige J. Gossett, for initial review.

By Order dated October 19, 2012 (ECF No. 9), Plaintiff's "Motion to Waive Exhaustion of Administrative Remedies" (ECF No. 2) was denied without prejudice, and Plaintiff's "Motion for Mandatory Preliminary Injunction for Retaliation/Harassment" (ECF No. 3) was construed as a Motion for Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, under which "the court may issue a preliminary injunction only on notice to the adverse party."  The Court advised Plaintiff that, if he brought this case into proper form by following the instructions set forth in the Order of October 19, 2012

(ECF No. 9), the Court would determine whether to authorize service upon Defendants of Plaintiff's Complaint (ECF No. 1) and Plaintiff's Motion for Preliminary Injunction (ECF No. 3).  To bring this case into proper form, Plaintiff was ordered to either pay the $350 filing fee or to complete, sign and return an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, and to submit properly completed, proposed service documents, *i.e.* summonses and Forms USM-285, for Defendants.  The Order of October 29, 2012 also ordered Plaintiff "to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if [Plaintiff's] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [Plaintiff] to meet will be received by [Plaintiff]."  ECF No. 9, p. 4.  The Order specifically warned Plaintiff that, "[i]f as a result of [Plaintiff's] failure to comply with this Order, [Plaintiff] fail[ed] to meet a deadline set by this Court, **[Plaintiff's] case may be dismissed for violating this Order.**" *Id.*

The Order was mailed to Plaintiff at the address Plaintiff provided to the Court, which is the correct address for FCI Williamsburg, *i.e.* Post Office Box 340, Salters, South Carolina 29590.  Plaintiff failed to respond to the Order, and the time for responding lapsed on November 13, 2012.  The mail in which the Order was sent to Plaintiff has not been returned to the Court.  Thus, the Court presumes that Plaintiff received the Order, but has neglected to comply with it within the time permitted under the Order.  Plaintiff's lack of response to the Order indicates an intent to discontinue prosecuting this case and subjects this case to dismissal.

As Plaintiff has failed to prosecute this case and failed to comply with the Court's Order, it is therefore **ORDERED** that this case is **DISMISSED**, without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 27, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.